```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------X
FERNANDO ACOSTA-LOPES and JOSE
EFRON GARCIA MARTINEZ,

                Plaintiffs,

    -against-                                              ORDER
                                                           15-CV-3406(DRH0(ARL)
ABDUL WALI HUSSANI, CNP, INC. d/b/a
Carlino's Long Island Italian Restaurant of
Mineola and CARLO CORTEO,

                Defendant.
-------------------------------------------------------X
```

**HURLEY, Senior District Judge:**

Presently before the Court is (1) the Report and Recommendation, dated October 3, 2017, of Magistrate Judge Arlene R. Lindsay recommending that pro se plaintiff Carlos Zavala's ("Zavala") motion to reopen his case pursuant to Fed. R. Civ. Pro. 60(b) be denied; (2) an Order of Magistrate Judge Lindsay denying of Zavala's motion for extension of time to respond to her Order of September 15, 2017; and (3) an undated letter from Zavala, filed October 26, 2017, "explaining why he could not answer the three correspondences he received . . ."

Some background is in order to place these matters in context.

By Order dated October 11, 2016, the Judge Lindsay granted a motion by Zavala's counsel to withdraw and gave Zavala thirty days to obtain new counsel or notify the Court that he intended to proceed pro se. Zavala did not respond. An Order to show cause was then issued by

Judge Lindsay on March 29, 2017 giving Zavala one more opportunity to advise the Court in writing whether he intended to proceed with this case via counsel or pro se and warning him that the failure to respond would result in a recommendation that his case be dismissed for failure to prosecute. Again, Zavala did not respond. On May 10, 2017 this Court adopted a April 18, 2017 Report and Recommendation of Judge Lindsay and dismissed Zavala's claims for failure to prosecute.

On August 29, 2017 Zavala filed a motion to reopen his case, which motion was referred to Judge Lindsay. Judge Lindsay construed the application as one pursuant to Fed. R. Civ. P. 60(b) and issued an Order dated September 15, 2017 directing Zavala to file a letter explaining in detail why he failed to respond to the Court's previous Orders and advising him that the failure to respond would result in a recommendation that his motion be denied. The Order was served on Zavala by the Court via Federal Express to his last known address, 84 Stahley Street Brentwood NY 11722.[1] Zavala did not respond to the Order.

On October 3, 2017 Judge Lindsay issued a Report and Recommendation that the motion to reopen be denied reasoning:

> [B]ecause Zavala's August 2017 letter did not sufficiently describe the circumstances supporting his application, the Court asked for clarification. Zavala failed to provide such clarification, despite being warned that a failure to respond would result in a recommendation . . . that his application be denied. Given Zavala's failure to respond to the Court's Order as well as his failure to demonstrate by "highly convincing evidence" why his application should be granted, the Court . . . recommends that

---

[1] This address was contained in a letter received from Zavala on July 24, 2017. *See* DE 67-1.

Zavala's August 2017 application to reopen this case be denied. [October 3, 2017 Report and Recommendation (DE 74) at 2.] A copy of the Report and Recommendation was again served on Zavala by Federal Express.

On October 10, 2017, Zavala filed a motion for extension of time to respond to the September 15, 2017 Order, together with a notice of change of address. According to the motion, Zavala "was in the process of moving to Pennsylvania and was unable to properly answer in time." (DE 75.)

By Order dated October 18, 2017, Judge Lindsay denied the request as (1) there was no indication that he did not receive the Court's September 15, 2017 Order and Federal Express confirmed as delivery to the address on September 20, 2017; (2) to the extent it was a motion for reconsideration of the October 3, 2017 Report and Recommendation that he was busy moving provides no basis for reconsideration: (3) the October 3, 2017 Report and Recommendation was confirmed as delivered to the Brentwood address on October 6, 2017, before Zavala filed a change of address. Judge Lindsay did extend his time to file objections to October 3, 2017 Report and Recommendation to November 1, 2017.

An undated letter was received by the Court from Zavala on October 26, 2017. Parts of the letter are undecipherable with much of it addressing his apparently broken relationship with his former counsel. With respect to his receipt of various Court Orders it states: "[M]y biggest problem has been that I have been moving repeatedly. Sometimes in the year I moved 5 bez and I did not report it to the court just once I notified them of the change of address that was 84 sthanley st Brenwood and today I changed state to 1335 2nd ave Berwick pennsylvania and that

grabbed the rasons by which I have not answered the three notifications that mean sent and I do not know if they sent me to the other address of 49 cedar swamp rd glen cove n and 11542 but the only ones that I received are three in envelopes of fedex . . . ." [DE 78 (misspellings, lack of capitalization and other errors in original).] The Court construes this undated letter as objections to the October 3, 2017 Report and Recommendation.

As objections have been filed, the Court reviews this matter de novo. *See* Fed. R. Civ. P. 72(b).

Pursuant to Rule 60(b)(1) a court may relieve a party from a final judgment for the following reasons "mistake, inadvertence, surprise or excusable neglect." Fed. R. Civ. Pro. 60(b)(1). "A motion under Rule 60(b) is addressed to the sound discretion of the trial court." *Velez v. Vassallo*, 203 F. Supp. 2d 312, 333 (S.D.N.Y. 2002) (citing *Mendell on Behalf of Viacom, Inc. v. Gollust*, 909 F.2d 724, 731 (2d Cir. 1990)). Nonetheless, the Second Circuit has cautioned that Rule 60(b) provides "extraordinary judicial relief" to be granted "only upon a showing of exceptional circumstances." *Nemaizer v. Baker*, 793 F.2d 58, 61 (2d Cir. 1986); *see also Employers Mut. Cas. Co. v. Key Pharm.*, 75 F.3d 815, 824-25 (2d Cir. 1996) ("A movant under Rule 60(b) must demonstrate 'exceptional circumstances' justifying the extraordinary relief requested."). "Relief under Rule 60(b) is generally not favored . . . ." *Ins. Co, of N. Am. v. Pub. Serv. Mut. Ins. Co.*, 609 F.3d 122, 131 (2d Cir. 2010). In evaluating a Rule 60(b) motion, the courts of this circuit also require that the evidence in support of the motion be highly convincing, that the movant show good cause for the failure to act sooner, and that no undue hardship be imposed on the other parties as a result. *See, e.g., Kotlicky v. U.S. Fidelity & Guar. Co.*, 817

F.2d 6, 9 (2d Cir. 1987); *Williams v. New York City Dept. of Corr.*, 219 F.R.D. 78, 84 (S.D.N.Y. 2003). Although a pro se motion is read liberally and interpreted to raise the strongest arguments suggested, "a pro se litigant is not excused from the requirement of producing highly convincing evidence to support a Rule 60(b) motion." *Alvarado v. Manhattan Worker Career Center*, 2003 WL 22462032, *2 (S.D.N.Y. Oct. 30, 2003); *accord Hall v. North Bellmore Sch. Dist.*, 2016 WL 4005792, * 2 (E.D.N.Y. July 25, 2016).

Zavala has not produced convincing evidence that his failure to respond to Judge Lindsay's Orders or to prosecute this case was the result of mistake, inadvertence, or excusable neglect. Particularly compelling in this regard is Zavala's admission that he received the orders in the "envelopes of fedex." In other words, he received various court orders, including the September 15, 2017 Order directing him to file a letter explaining in detail why he failed to respond to the Court's previous Orders. That he did not respond because he was too busy moving constitutes neither mistake, inadvertence, nor excusable neglect. *Cf. Marquez v. Perlman*, 2012 WL 2895018, *3 (S.D.N.Y. July 16, 2012) (if plaintiff wished to prosecute his case he should have provided court with updated address and inquired as to its status); *Warren v. Kelly*, 20 F. Supp.2d 110 (E.D.N.Y.2002) (transfers between prisons not exceptional circumstances warranting the granting of a Rule 60 motion).

In addition, there has been a significant passage of time since the complaint was filed and discovery completed, all to the prejudice of defendants. *See, e.g., Toriola v. FJC Sec. Serv. Inc.*, 2017 WL 819483, *5 (Mar. 1, 2017). Zavala's wage claims begin in 2008 and discovery has been completed for over one year with Zavala having failed to appear for his scheduled deposition, all

of which make it more difficult for defendants to obtain information and evidence regarding his claim.

Zavala's motion to reopen his case is denied.

Dated: Central Islip, N.Y.
December 6, 2017

/s/  Denis R. Hurley
Denis R. Hurley
United States District Judge